# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

**STEVEN CLYDE DEARMITT**,

    Plaintiff,

v.

**CLACKAMAS COUNTY,** *et al.*,

    Defendants.

Case No. 3:16-cv-00583-YY

**ORDER**

**Michael H. Simon, District Judge.**

United States Magistrate Judge Youlee Yim You issued Findings and Recommendation in this case on January 18th, 2019. ECF 155. Magistrate Judge You recommended that Defendants' motion for summary judgment (ECF 131) be denied regarding the assault, battery, and Fourteenth Amendment claims against Sgt. Taylor and the related failure-to-intervene claims against Sgt. Dunkle, and Deps. Miller, Scherzinger, Comstock, and Montgomery. Magistrate Judge You recommends that the motion should otherwise be granted in all other respects.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Defendants timely filed an objection. ECF 158. Defendants argue that Plaintiff's federal claims are precluded by the Prison Litigation Reform Act because Plaintiff allegedly failed to exhaust his administrative remedies; that Sergeant Taylor did not use an excessive amount of force on Plaintiff and that Sergeant Taylor did not violate clearly established law; and that there was no evidence in the record that other Defendants had an opportunity to intervene, and that those Defendants also did not violate clearly established law. The Court has reviewed *de novo* those portions of Magistrate Judge You's Findings and Recommendation to which Defendants

have objected. The Court agrees with Magistrate Judge You's reasoning and ADOPTS those portions of the Findings and Recommendation.

Plaintiff also objected to Magistrate Judge You's Findings and Recommendation. ECF 159. Plaintiff argues that his state law claims of "menacing," "coercion," "strangulation," and "official misconduct" should not have been dismissed because they are cognizable civil claims under ORS 124.005. Plaintiff did not cite this statute in his third amended complaint (ECF 114), and therefore Magistrate Judge You made no error. If Plaintiff wishes to specify this statute, he may move for leave to amend his complaint in order to do so.

For those portions of Magistrate Judge You's Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

The Court **ADOPTS** Magistrate Judge You's Findings and Recommendation, ECF 155. Defendants' motion for summary judgment (ECF 131) is DENIED regarding the assault, battery, and Fourteenth Amendment claims against Sgt. Taylor and the related failure-to-intervene claims against Sgt. Dunkle, and Deps. Miller, Scherzinger, Comstock, and Montgomery. The motion is otherwise GRANTED in all other respects.

**IT IS SO ORDERED.**

DATED this 4th day of April, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge